Case No.  18-4111

## IN THE UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA

Plaintiff/Appellee

vs.

NATHAN WARD

Defendant/Appellant

## APPENDIX OF APPELLANT

Appeal from the a sentencing entered in the United States District Court for the District of Utah, The Honorable Dee Benson presiding,  sentencing Mr. Ward to262 months in federal custody in case number 1:17-cr-00060 DB

| | |
|---|---|
| EDWARD K. BRASS, #0432 | JOHN HUBER |
| BRASS & CORDOVA | United States Attorney |
| 175 East 400 South Suite 400 | FELICE J. VITI |
| Salt Lake City, Utah 84111-2142 | Assistant United States Attorney |
| Telephone: (801) 322-5678 | 111 South Main Street #1800 |
| | Salt Lake City, Utah 84111 |
| | Telephone: (801)524-5682 |

Counsel for Appellant           Counsel for Appellee

Oral Argument is not requested

INDEX TO APPELLANT'S APPENDIX

Pages

LOWER COURT DOCKET                                          1-6

POSITION OF PARTY WITH RESPECT TO SENTENCING               7-9
FACTORS

PORTIONS OF PRESENTENCE REPORT                             10-14

TRANSCRIPT OF SENTENCING                                   15-34

FINAL JUDGMENT                                             35-41

APPEAL,CLOSED,DT_PEAD,XA_EXAM

# US District Court Electronic Case Filing System
# District of Utah (Northern)
# CRIMINAL DOCKET FOR CASE #: <u>1:17-cr-00060-DB</u>-1

Case title: USA v. Ward

Date Filed: 09/13/2017
Date Terminated: 07/20/2018

Assigned to: Judge Dee Benson

## <u>Defendant (1)</u>

**Nathan Clark Ward**
*TERMINATED: 07/20/2018*

represented by **Edward K. Brass**
175 E 400 S STE 400
SALT LAKE CITY, UT 84111
(801)322-5678
Email: ed@edbrasslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| <u>Pending Counts</u> | <u>Disposition</u> |
|---|---|
| 18:2251(a) – SEXUAL EXPLOITATION OF CHILDREN/Production of Child Pornography (1) | BOP 262 months. Supervised Release LIFE. Standard and Special Conditions of Release. No Fine Imposed. SAP $100.00 Restitution $2,866.80. JVTA $5,000.00 |
| 18:2252A(a)(5)(B) – SEXUAL EXPLOITATION OF MINORS/Possession of Child Pornography (2) | DISMISSED PER GOVT |
| 18:2252A(a)(2) – ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO/Distribution of Child Pornography (3) | DISMISSED PER GOVT |

## <u>Highest Offense Level (Opening)</u>

Felony

| <u>Terminated Counts</u> | <u>Disposition</u> |
|---|---|
| None | |

## Highest Offense Level (Terminated)

None

## Complaints                                     Disposition

None

## Notice Party

**Victim Witness Coordinator**          represented by **Victim Witness Coordinator**
                                                      US ATTORNEY'S OFFICE
                                                      Email: Candelaria.Bennett@usdoj.gov
                                                      PRO SE

## Notice Party

**Pretrial Noticing**                   represented by **Pretrial Noticing**
                                                      Email: UTPml_PretrialNoticing@utp.uscourts.gov
                                                      PRO SE

## Notice Party

**Stacey Hirata**                       represented by **Stacey Hirata**
                                                      US PROBATION/PRETRIAL
                                                      Email: stacey_hirata@utp.uscourts.gov
                                                      PRO SE

## Plaintiff

**USA**                                 represented by **Nathan D. Lyon**
                                                      DAVIS COUNTY ATTORNEY'S
                                                      OFFICE
                                                      PO BOX 618
                                                      FARMINGTON, UT 84025
                                                      (801)451-4300
                                                      Email: nlyon@co.davis.ut.us
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Assistant US Attorney*

                                                      **Andrea T. Martinez**
                                                      US ATTORNEY'S OFFICE
                                                      SALT LAKE CITY, UT 00000
                                                      (801)325-1406
                                                      Email: andrea.martinez@usdoj.gov
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Assistant US Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/13/2017 | 1 | | SEALED INDICTMENT as to Nathan Clark Ward (1) count(s) 1, 2, 3. Assigned to Judge Dee Benson (jlw) (Entered: 09/13/2017) |
| 09/14/2017 | 2 | | MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Nathan Clark Ward. (tls) (Entered: 09/14/2017) |
| 09/14/2017 | 3 | | DOCKET TEXT ORDER granting 2 Motion for Writ of Habeas Corpus ad prosequendum as to Nathan Clark Ward (1). Signed by Magistrate Judge Dustin B. Pead on 9/14/2017. No attached document. (tls) (Entered: 09/14/2017) |
| 09/14/2017 | 4 | | Writ of Habeas Corpus ad Prosequendum Issued as to Nathan Clark Ward for 9/15/17 3:00 p.m. before Magistrate Judge Dustin B. Pead. (tls) (Entered: 09/14/2017) |
| 09/15/2017 | 6 | | ORAL MOTION to Unseal Case by USA as to Nathan Clark Ward. (tls) (Entered: 09/15/2017) |
| 09/15/2017 | 7 | | DOCKET TEXT ORDER granting 6 Oral Motion to Unseal Case as to Nathan Clark Ward (1). Signed by Magistrate Judge Dustin B. Pead on 9/15/2017. No attached document. (tls) (Entered: 09/15/2017) |
| 09/15/2017 | 8 | | INDICTMENT UNSEALED as to Nathan Clark Ward (tls) (Entered: 09/15/2017) |
| 09/15/2017 | 9 | | NOTICE OF Unsealing Criminal Case as to Nathan Clark Ward (tls) (Entered: 09/15/2017) |
| 09/15/2017 | 11 | | Indictment Warrant Returned Executed on 9/15/2017, filed on 9/18/2017 in case as to Nathan Clark Ward (blh) (Entered: 09/18/2017) |
| 09/15/2017 | 12 | | Minute Entry for proceedings held before Judge Magistrate Judge Dustin B. Pead: Initial Appearance/Arraignment/Pretrial Conference/Detention Hearing as to Nathan Clark Ward (1) Count 1,2,3 held on 9/15/2017. Defendant present with counsel and in custody. Charges, rights and penalties explained. Defendant waives formal reading of indictment and enters NOT GUILTY pleas to all counts. (Discovery due by 9/22/2017. Proposed Jury Instructions along with proposed voir dire questions 11/16/2017. Motions due by 10/13/2017., Plea Agreement due by 10/30/2017. 5 day Jury Trial set for 11/20/2017 at 08:30 AM in Rm 8.300 before Judge Dee Benson). Government seeks detention. Defendant submits to the issue of detention and reserves the right to have the matter heard at a later date if appropriate. The Court orders defendant detained in USMS custody pending resolution of this matter. Attorney for Plaintiff: Nathan Lyon, Attorney for Defendant: Ed Brass, Retained. Interpreter: Not Needed. Probation Officer: Lorin Smith. Court Reporter: Electronic. (Time Start: 3:28:34, Time End: 3:31:40, Room 8.400). (tls) (Entered: 09/18/2017) |
| 09/15/2017 | 13 | | ORDER OF DETENTION PENDING TRIAL as to Nathan Clark Ward. NOTE: Any future review of detention will remain with the magistrate judge who entered the first detention order, even if an order of referral to a different magistrate judge is entered on this defendant's case. Signed by Magistrate Judge Dustin B. Pead on 9/15/2017.(tls) (Entered: 09/18/2017) |
| 09/18/2017 | 10 | | NOTICE of e-mail notification to the United States Attorney's Office Victim/Witness Coordinator by USA as to Nathan Clark Ward (Lyon, Nathan) |

| | | | |
|---|---|---|---|
| | | | (Entered: 09/18/2017) |
| 09/19/2017 | | | Notice of Appearance. U.S. Probation and Pretrial Services hereby advises the Court that Pretrial Noticing should be added to this case as to Nathan Clark Ward (kk) (Entered: 09/19/2017) |
| 10/05/2017 | 14 | | First CERTIFICATE OF COMPLIANCE *and Request for Reciprocal Discovery* filed by USA as to Nathan Clark Ward. (Lyon, Nathan) (Entered: 10/05/2017) |
| 11/15/2017 | 15 | | Defendant's MOTION to Continue *Trial* filed by Nathan Clark Ward. (Attachments: # 1 Text of Proposed Order) Attorney Edward K. Brass added to party Nathan Clark Ward(pty:dft)(Brass, Edward) (Entered: 11/15/2017) |
| 11/20/2017 | 16 | | ORDER TO CONTINUE – Ends of Justice as to Nathan Clark Ward. Time excluded from November 20, 2017 until January 22, 2018. Motion granted 15 Defendant's MOTION to Continue *Trial* filed by Nathan Clark Ward. (5–day Jury Trial reset for 1/22/2018 at 08:30 AM in Rm 8.300 before Judge Dee Benson) Signed by Judge Dee Benson on 11/20/2017. (blh) (Entered: 11/20/2017) |
| 12/13/2017 | 17 | | NOTICE OF ATTORNEY APPEARANCE Andrea T. Martinez appearing for USA. *co–counsel* (Martinez, Andrea) (Entered: 12/13/2017) |
| 01/22/2018 | | | Terminate Deadlines and Hearings as to Nathan Clark Ward: (reb) (Entered: 01/22/2018) |
| 01/23/2018 | 18 | | **NOTICE OF HEARING** as to Nathan Clark Ward (Notice generated by CHAMBERS) Change of Plea Hearing set for 3/5/2018 at 02:00 PM in Rm 8.300 before Judge Dee Benson. (reb) (Entered: 01/23/2018) |
| 03/02/2018 | 19 | | ***AMENDED*** NOTICE OF HEARING as to Nathan Clark Ward (Notice generated by CHAMBERS) Change of Plea Hearing RESET FOR MONDAY 3/26/2018 at 02:00 PM in Rm 8.300 before Judge Dee Benson. (reb) (Entered: 03/02/2018) |
| 03/08/2018 | 20 | | ***AMENDED***NOTICE OF HEARING as to Nathan Clark Ward (Notice generated by CHAMBERS) Change of Plea Hearing RESET FOR TUESDAY 3/20/2018 at 03:00 PM in Rm 8.300 before Judge Dee Benson. (reb) (Entered: 03/08/2018) |
| 03/19/2018 | | | Notice of Appearance. U.S. Probation and Pretrial Services hereby advises the Court that Stacey S. Hirata should be added to this case as to Nathan Clark Ward (ssh) (Entered: 03/19/2018) |
| 03/20/2018 | 21 | | Minute Entry for proceedings held before Judge Dee Benson: Change of Plea Hearing as to Nathan Clark Ward held on 3/20/2018. Presentence Report ordered: Yes., Plea entered by Nathan Clark Ward (1) Guilty Count 1., ( Sentencing set for 5/31/2018 at 02:00 PM in Rm 8.300 before Judge Dee Benson.) Attorney for Plaintiff: Nathan D. Lyon, Attorney for Defendant: Edward K. Brass. Court Reporter: Ed Young. (reb) (Entered: 03/20/2018) |
| 03/20/2018 | 22 | | STATEMENT IN ADVANCE OF PLEA as to Nathan Clark Ward (blh) (Entered: 03/20/2018) |
| 03/20/2018 | 23 | | |

| | | | |
|---|---|---|---|
| | | | ***SEALED DOCUMENT*** Plea Supplement pursuant to DUCrimR11-1 as to Nathan Clark Ward (blh) (Entered: 03/20/2018) |
| 03/20/2018 | 24 | | ORDER FOR PSYCHOSEXUAL EXAM as to Nathan Clark Ward. Signed by Judge Dee Benson on 3/20/2018. (blh) (Entered: 03/20/2018) |
| 03/27/2018 | 25 | | ***AMENDED***NOTICE OF HEARING as to Nathan Clark Ward (Notice generated by CHAMBERS) Sentencing RESET FOR WEDNESDAY 6/20/2018 at 02:00 PM in Rm 8.300 before Judge Dee Benson. (reb) (Entered: 03/27/2018) |
| 05/22/2018 | 26 | | ***AMENDED***NOTICE OF HEARING as to Nathan Clark Ward (Notice generated by CHAMBERS) Sentencing RESET FOR MONDAY 7/2/2018 at 02:00 PM in Rm 8.300 before Judge Dee Benson. (reb) (Entered: 05/22/2018) |
| 06/21/2018 | 28 | | ***AMENDED***NOTICE OF HEARING as to Nathan Clark Ward (Notice generated by CHAMBERS) Sentencing RESET FOR TUESDAY 7/10/2018 at 02:30 PM in Rm 8.300 before Judge Dee Benson. (reb) (Entered: 06/21/2018) |
| 07/03/2018 | 29 | | ***AMENDED***NOTICE OF HEARING as to Nathan Clark Ward (Notice generated by CHAMBERS) Sentencing RESET FOR FRIDAY 7/20/2018 at 02:30 PM in Rm 8.300 before Judge Dee Benson. (reb) (Entered: 07/03/2018) |
| 07/19/2018 | 30 | | Defendants Position with Respect to Sentencing Factors as to Nathan Clark Ward (Brass, Edward) (Entered: 07/19/2018) |
| 07/20/2018 | 31 | | Minute Entry for proceedings held before Judge Dee Benson: Dft present with cnsl and in custody. Stmts made by cnsl, dft & Govt. Crt Adjudges:Sentence:Dft placed in the custody of the B.O.P for 262 months. Supervised release LIFE. Standard and special conditions of release. Special condition: 1. You must cooperate with the U.S. Probation and Pretrial Services Computer and Internet Monitoring program; Appendix A, Limited Internet Access (Computer and internet use, as approved) (Not Applicable to Third Party Employment). Cooperation shall include, but not be limited to, identifying computer systems (as identified in 18 § U.S.C. 1030 (e)(1), internet capable devices, networks (routers/modems), and/or similar electronic devices (external hard drives, flash drives, etc.) to which you have access. All devices are subject to random inspection/search, configuration, and the installation of monitoring software and/or hardware at your expense. 2. You must inform all parties who access approved computer(s) or similar electronic device(s) that the device(s) is subject to search and monitoring. You may be limited to possessing only one personal computer and/or internet capable device to facilitate the ability to effectively monitor your internet-related activities. 3. You must report any and all electronic communications service accounts (as defined in 18 USC 2510 (15)(17)) used for user communications, dissemination, and/or storage of digital media files (i.e. audio, video, images, documents, device backups) to the U.S. Probation Office. This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. You shall provide each account identifier and password, and shall report the creation of new accounts. Changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account shall be reported within five days of such action. You must permit the |

| | | | |
|---|---|---|---|
| | | | U.S. Probation Office to access and search any account(s) using your credentials pursuant to this condition. 4. The Court orders that the presentence report may be released to the state sex–offender registration agency if required for purposes of sex–offender registration. 5. You must participate in and successfully complete sex–offender treatment, to include a risk assessment and physiological testing, at a program approved by the U.S. Probation Office. You must abide by the rules, requirements, conditions, policies, and procedures of the program. You must submit to periodic polygraph testing as directed by the U.S. Probation Office or treatment provider as a means to ensure your compliance with the requirements of your supervision or treatment program. You must contribute to the cost of services rendered in an amount to be determined by the U.S. Probation Office, based on your ability to pay. 6. You are restricted from contact with individuals who are under 18 years of age without adult supervision, as approved by the U.S. Probation Office. 7. You must abide by the following occupational restrictions: Any employment shall be approved by the U.S. Probation Office. In addition, if third–party risks are identified, the U.S. Probation Office is authorized to inform your employer of your supervision status. 8. You must not view, access, or possess sexually explicit material in any format. 9. You must submit to periodic polygraph testing as directed by the U.S. Probation Office or treatment provider as a means to ensure your compliance with the requirements of your supervision or treatment program. You must contribute to the cost of services rendered in an amount to be determined by the U.S. Probation Officer based on your ability to pay. No fine is imposed. Special assessment fee of $100.00, payable forthwith. The Court finds that restitution is ordered pursuant to 18 U.S.C. § § 3663A and 2259. Restitution of $2,866.80 is payable to: State of Utah Office of Victims of Crime 350 East 500 South, Ste. 200 Salt Lake City, UT 84111 Claim 1049792. Pursuant to 18 U.S.C. § 3014, the Court imposes a $5,000 assessment under the Justice for Victims of Trafficking Act (JVTA). The Court recommends that the defendant be placed in a Federal Correctional Institution at Englewood, CO., for family visitations. The Court informs the dft of his right to appeal within 14 days of entry of judgment. The dft is remanded to the custody of the USMS.Sentencing held on 7/20/2018 for Nathan Clark Ward (1), Count(s) 1, BOP 262 months. Supervised Release LIFE. Standard and Special Conditions of Release. No Fine Imposed. SAP $100.00 Restitution $2,866.80. JVTA $5,000.00; Count(s) 2, 3, DISMISSED PER GOVT. COP: 3/30/2018. Attorney for Plaintiff: Nathan D. Lyon, Attorney for Defendant: Edward K. Brass. Court Reporter: Ed Young. (reb) (Entered: 07/20/2018) |
| 07/20/2018 | 32 | 7 | JUDGMENT as to Nathan Clark Ward (1), Count 1. BOP 262 months. Supervised Release LIFE. Standard and Special Conditions of Release. No Fine Imposed. SAP $100.00 Restitution $2.866.80. JVTA $5.000.00: Counts 2, 3, DISMISSED PER GOVT. Defendant Termed. Case Closed. Signed by Judge Dee Benson on 7/20/2018.(mas) (Entered: 07/20/2018) |
| 07/25/2018 | 34 | | Writ of Habeas Corpus ad Prosequendum Returned Executed as to Nathan Clark Ward on 7/24/2018. (mas) (Entered: 07/25/2018) |
| 08/03/2018 | 36 | 14 | NOTICE OF APPEAL by Nathan Clark Ward re 32 Judgment,. Filing fee $ 505, receipt number 1088–3070221. Appeals to the USCA Tenth Circuit. (Brass, Edward) (Entered: 08/03/2018) |

**BRASS & CORDOVA**
**EDWARD K. BRASS (432)**
**KIM CORDOVA (9100)**
Attorney for the Defendant
175 East 400 South, Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 322-5678
Facsimile: (801) 322-5677

## IN THE UNITED STATES DISTRICT COURT

### IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,** | |
| Plaintiff, | **POSITION OF PARTY WITH RESPECT TO SENTENCING FACTORS** |
| v. | |
| **NATHAN WARD,** | Case No. 1:17CR00060-001 |
| Defendant. | Judge Benson |

Dr. Ward, by his attorney, gives notice that he has no objection to the presentence report prepared and filed in this matter on June 15, 2018, except as is set forth below:

1. The enhancement contained in paragraph 30 should be removed. USSG §2G2.1(b)(1) applies only to minors "who had **not** attained the age of 12 years". Paragraph 14 states that the abuse in this case began "from the time she was 12 years old". Further, Dr. Ward would state that the abuse to which he has admitted began two years later. In either case, the enhancement does not apply.

2. Eliminating the four level enhancement would change paragraph 41 to a total offense level of 35.

3. Eliminating the four level enhancement would change the guideline in paragraph 71 to 168-210 months.

4. It should also be noted that as is set forth in the section entitled "Related Cases", the other participant in Dr. Ward's offense was sentenced to a term of 144 months for the same conduct. As the Basic Approach (Policy Statement) to the Guidelines asserts, one of the purposes of the adoption of sentencing guidelines was to achieve "reasonable uniformity in sentencing by narrowing the wide disparity in sentences imposed for similar criminal offenses committed by similar offenders."

5. Finally, the 15 year minimum mandatory sentence in this case would fall in the middle of the correct guideline of 168-210 months and would satisfy all of the policy purposes of 18 U.S.C. §3553.

DATED this 19th day of July, 2018.

/s/ EDWARD K. BRASS
KIM CORDOVA
EDWARD K. BRASS
Attorneys for the Defendant

## ELECTRONIC FILING CERTIFICATE

I hereby certify that a true and correct copy of the foregoing Position of Party with Respect

to Sentencing Factors was filed electronically and caused to be served by electronic notice to all

parties listed below on this July 19, 2018.

United States Attorney's Office            Ms. Stacey Hirata
111 South Main Street                      U.S. Probation
Salt Lake City, Utah 84111                 160 United States Courthouse
                                           350 South Main Street
                                           Salt Lake City, Utah 84101



**Other Arrests**

50.    None.

## PART C. OFFENDER CHARACTERISTICS

### Personal and Family Data

51.    Defendant Ward was born to ▓▓▓▓▓ (87) and ▓▓▓▓▓ (87). The defendant is the fifth of seven children born to this union. The defendant's father was a carpet layer and is now retired. Ms. Ward was a homemaker until the children were older and then she was a bank teller. The defendant's siblings are as follows: ▓▓▓ Ward (67), Phoenix, Arizona; ▓▓▓ Ward (64), who resides in Springville, Utah; ▓▓▓ ▓▓▓ (62), who resides in Scotts Bluff, Nebraska; ▓▓▓▓ who died in 2015 from complications of liver cancer; ▓▓▓▓▓ (52), who resides in Saratoga Springs, Utah and ▓▓▓▓ (48), who resides in Lehi, Utah.

52.    The defendant's family resided in California until he was approximately 14. The family then moved to Utah. He described his childhood as good with no particular problems. He disclosed he left home at the age of 19 to serve a Latter Day Saints (LDS) mission to Quito, Ecuador. Mr. Ward returned to Utah after his two year mission. He then married ▓▓▓▓▓ on January 7, 1983, in Salt Lake City, Utah. Four children were born to this union: ▓▓▓ Ward (34), who resides in Bountiful, Utah; ▓▓▓ Carlson (32), who resides in Bountiful, Utah; ▓▓▓ Anderson (30), who resides in American Fork, Utah; and ▓▓▓ Ward (28) who resides in Woods Cross, Utah. This marriage ended in divorce in 1993. Mr. Ward revealed his wife *ran off* and he raised all four of his children with the assistance of his parents and family. Mr. Ward indicated he is close with all of his children and they all remain supportive of him. He married a second time for an approximate nine month period to ▓▓▓▓▓ and this marriage also ended in divorce. Mr. Ward married a third time to ▓▓▓▓▓ on October 23, 2003, in Salt Lake City, Utah. This marriage ended in divorce on February 7, 2018, due to the instant offense. ▓▓▓▓ daughter has been identified as one of the victims in the instant offense and the current state charges.

53.    Contact with the defendant's brother, ▓▓▓ Ward, was established and he corroborated the defendant's background information. The defendant's brother believes the defendant has *made a lot of mistakes* but the family is *proud of how he is dealing with it*. Mr. Ward stated their family are *people of faith* and now believe the defendant is *in a better place, especially spiritually*. Mr. Ward concluded the family is *not upset* the defendant is going

to prison because *he needs help.* Mr. Ward related the family continues to love and support the defendant.

## Physical Condition

54. The defendant had kidney stones in December of 2018, while in custody at the Davis County Jail. He related he did not receive any medical care and it took approximately two weeks to have the kidney stones pass. He denied any other hospitalizations, injuries, or accidents. Mr. Ward is not on any prescription medication.

## Mental and Emotional Health

55. Mr. Ward denied any mental or emotional problems, and no history of treatment for such problems. He denied any past or current thoughts of suicide.

56. The defendant reported since being in custody he will read, exercise, assist other inmates with the Spanish or English language and attend religious services to pass the time.

### Substance Abuse

62.    Defendant Ward denied use or abuse of alcohol or any illegal controlled substances.

### Educational, Vocational and Special Skills

63.    The defendant revealed he graduated from Springville High School in 1979 (verification pending). He then attended Utah Valley University and transferred to Brigham Young University (BYU). Mr. Ward obtained his Bachelors of Science Degree in Pre-Med/Microbiology from BYU on April 22, 1988 (verified). The defendant then attended the Uniformed Services University of the Health Sciences (USUHS) in Bethesda, Maryland and graduated in 1992 with his medical degree. He was then stationed at Keesler Air Force Base in Biloxi, Mississippi for his residency/internship in Obstetrics/Gynecology from 1992 to 1996.

### Military History

64.    The defendant entered the United States Air Force as a reservist on December 31, 1987, and he remained in the reserves until 1992. Mr. Ward was active duty from 1992 to 2004. He received an honorable discharge and was a Lieutenant Cornel at the time of discharge (verification pending).

000012

In addition, the defendant shall not possess a controlled substance and shall comply with the standard conditions of supervision as adopted by this Court.

88. For offenses committed on or after September 13, 1994, in accordance with the Violent Crime Control and Law Enforcement Act of 1994, the defendant must submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter, as directed by the probation officer, in addition to any other testing requirements ordered by the Court, unless the Court finds that the defendant poses a low risk of future substance abuse and suspends the requirement that the defendant submit to mandatory drug testing.

89. Pursuant to 42 U.S.C. § 14135a and 10 U.S.C. § 1565, as authorized in Section 3 of the DNA Analysis Backlog Elimination Act of 2000 and Section 203 of the Justice for All Act of 2004, the defendant shall submit to the collection of a DNA sample at the direction of the Federal Bureau of Prisons or U.S. Probation Office. The Federal Bureau of Prisons or probation office may use or authorize the use of such means as are reasonably necessary to detain, restrain, and collect a DNA sample from an individual who refuses to cooperate in the collection of the sample. Failure to comply is a Class A Misdemeanor.

90. Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any state where the defendant resides, is employed, carries on a vocation, or is a student.

## PART E. FACTORS THAT MAY WARRANT DEPARTURE

91. The probation officer identified no information concerning the offense or the offender which would warrant a departure from the advisory guideline range.

## PART F. FACTORS THAT MAY WARRANT A SENTENCE OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM

92. Presentation of information in this section does not necessarily constitute a recommendation for a variance from the advisory guideline range.

93. Pursuant to 18 U.S.C. § 3553(a), the Court, in determining the particular sentence to be imposed, shall consider: (1) the nature and circumstances of the offense and the history and characteristics of the offender; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner; and (3) the kinds of sentences available.

94. Mr. Ward has no prior criminal history. He maintained a successful career for 13 years prior to his arrest for the instant offense and state charges. The defendant appears to have a supportive family who assist in his rehabilitation and supervision.

### Adult·Criminal Conviction(s)

45. None.

### Criminal History Computation

46. The criminal convictions above result in a subtotal criminal history score of zero.

47. The total criminal history score is zero. According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of zero establishes a criminal history category of I.

### Other Criminal Conduct

48. None.

1          IN THE UNITED STATES DISTRICT COURT

2        FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

3

4

    UNITED STATES OF AMERICA,        )
5                                     )
                  Plaintiff,          )
6                                     )
              vs.                     )
7                                     )
    NATHAN CLARK WARD,                )   Case No:  1:17-CR-060
8                                     )
                  Defendant,          )
9   _____         )
                                      )
10                                    )

11

12

13

14

15

16              BEFORE THE HONORABLE DEE BENSON

17                     July 20, 2018

18                   SENTENCING HEARING

19

20

21

22

23                     Reported by:
                KELLY BROWN HICKEN, RPR, RMR
24                    801-521-7238

25

```
 1                     APPEARANCES OF COUNSEL

 2

 3   FOR THE GOVERNMENT:              OFFICE OF DAVIS COUNTY

 4                                    ATTORNEY'S OFFICE

 5                                    BY:   NATHAN D. LYON

 6                                          Attorney at Law

 7                                    PO BOX 618

 8                                    FARMINGTON, UTAH  84025

 9

10

11   FOR THE DEFENDANT:              EDWARD K. BRASS

12                                    Attorney at Law

13                                    175 E 400 S STE 400

14                                    SALT LAKE CITY, UTAH 84111

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                  SALT LAKE CITY UTAH, FRIDAY, JULY 20, 2018
 2                          *   *   *   *   *
 3               THE COURT:  Good afternoon.  We'll go ahead in the
 4          United States of America vs. Nathan Clark Ward.  The case
14:31:57  5   number is 17-CR-60.  And the defendant is present.  He's
 6          represented by Mr. Edward Brass.  The United States is
 7          represented here today by Mr. Nathan Lyon.  We're here for
 8          sentencing in this case.
 9               Mr. Brass, could I, please, first hear from you?
14:32:20 10              MR. BRASS:  Your Honor, I have two people who would
11          like to speak to you that are family members that would take
12          less than five minutes, and I'd ask you to listen to them
13          first.
14               THE COURT:  Okay.  Sure.
14:32:32 15              MR. BRASS:  The first one would be Barbara Ward.
16               THE COURT:  Barbara Ward.  Okay.
17               MR. BRASS:  Excuse me.  I've got it backwards.
18          Debra.
19               THE COURT:  Debra Ward?  And is this the
14:32:39 20     defendant's mother?  I'm sorry.
21               MR. BRASS:  The person that stood up was his
22          mother.  You're absolutely right.
23               THE COURT:  This is his sister.  Okay.  Yes.
24          Please, if you would just say your name, and then I'd be happy
14:32:49 25     to hear anything you would want to tell me.
```

000017

|    |    |
|----|----|
| 1  | MS. DEBRA WARD:  My name is Debra Ward.  I'm |
| 2  | Nathan's sister-in-law.  I've known Nathan since he was seven |
| 3  | years old.  Today we will hear about horrible acts Nathan is |
| 4  | responsible for with tragic consequences for many.  Our prayer |
| 14:33:14  5 | and hope are for healing for those who suffer.  We do not |
| 6  | excuse or condone any abuse or wrongdoing by Nathan.  I have |
| 7  | chosen to speak today to share why I believe in Nathan's |
| 8  | ability to eliminate these destructive behaviors in his life. |
| 9  | There are three powerful reasons I have this hope. |
| 14:33:37 10 | First are two characteristics Nathan has demonstrated |
| 11 | throughout his life.  They are determination and resilience. |
| 12 | Before high school Nathan worked long, hard hours with his |
| 13 | father laying carpet.  When money was tight in high school |
| 14 | Nathan started his own business cleaning upholstery.  He |
| 14:34:01 15 | worked and paid his way through undergraduate college even as |
| 16 | he provided for his growing family.  He was a successful |
| 17 | hardworking student and was accepted into medical school. |
| 18 | Nathan joined the Air Force and served honorably |
| 19 | for 19 years reaching the rank of Lieutenant Colonel.  In the |
| 14:34:18 20 | second area of his medical residency his first wife abandoned |
| 21 | him leaving him with four children ages two to eight.  With |
| 22 | help at times from his parents he was able to complete his |
| 23 | medical training, an OBGYN specialty, and care and raise for |
| 24 | his four children for 10 years as a single father.  He was an |
| 14:34:40 25 | outstanding OBGYN who was caring and beloved by his patients |

1    including my own daughter.

2            Second and perhaps the most important is Nathan's

3    own strong desire to change.  I read Nathan's letters during

4    the past year and have witnessed his steps down the path of

14:34:58  5    rehabilitation.  In addition to his own willingness and

6    fortitude to do the hard work required to change his -- and to

7    change and his innate determination and resilience, Nathan has

8    a large supportive family including parents, children,

9    siblings, nieces and nephews.

14:35:20 10            Nathan is loved by his family, and we are willing

11    and committed to stay with Nathan and see him through this

12    difficult journey of change and recovery.  Thank you, Your

13    Honor.

14            THE COURT:  Thank you.

14:35:32 15            And, Mr. Brass, who's next?

16            MR. BRASS:  Now his mother Barbara.

17            THE COURT:  Okay.

18            Mrs. Nelson -- or Mrs. Ward, I'm sorry.

19            MR. BRASS:  It is.

14:35:47 20            THE COURT:  Please come forward.  And if you'd give

21    us your name, and I'd be happy to hear anything you would like

22    to say.

23            MS. BARBARA WARD:  Yes.  I'm Barbara Ward.  Your

24    Honor, I'm Nathan's mother.  He did not ask me to speak.  I

14:36:04 25    chose to speak on my own this morning.

1        I feel such sorry for the pain that his actions

2    have caused.  I have prayed for everyone involved that they

3    will be healed and comforted.  We cannot go back and change

4    the past, but I am a woman of faith and I speak to that faith.

14:36:29   5    I know that through the atonement of Christ that repentance is

6    a reality and change is possible.

7        I witnessed a change in Nathan over these months,

8    and I love our son and our grandchildren.  And I know it's

9    right and necessary for him to serve the sentence of the

14:36:56  10    Court.  I would just ask that justice be combined with mercy

11    and that Nathan in his later life be given time to spend with

12    his children and grandchildren.  Thank you.

13        THE COURT:  Thank you very much, Mrs. Ward.

14        MR. BRASS:  Judge, I filed one objection with

14:37:28  15    respect to the presentence report.  And Ms. Hirata was kind

16    enough to point out while it's correct on its face that it's a

17    two-level difference instead of four because there's two

18    levels between 12 and 16.  So that would be the only

19    adjustment with respect to the presentence report.

14:37:46  20        THE COURT:  And I think she's at least adjusted the

21    one I have in my hand.

22        MR. BRASS:  Great.  You know, I don't have much to

23    add to what already has been said and what's been said in

24    writing.  Dr. Ward is a person who's a good person who's done

14:38:05  25    many good things for many good people, and he's a person who's

|       |                                                                |
|-------|----------------------------------------------------------------|
| 1     | also done terribly wrong to the young woman who is the subject  |
| 2     | of this action, and he knows it.  I would hope that the good    |
| 3     | that he's done in his life balances out the evil to this        |
| 4     | extent, that 15 years is an adequate time to serve in a         |
| 14:38:25  5 | federal prison, the mandatory minimum sentence in this case as |
| 6     | opposed to the guideline sentence.  He will be almost 72 years  |
| 7     | old when he's released under those circumstances.  And it's     |
| 8     | going to be supervised release after that and possibly for a    |
| 9     | term for the rest of his life.                                  |
| 14:38:43 10 | He's also facing a state charge that's going to be        |
| 11    | resolved on August 2nd that will clearly to some degree         |
| 12    | complicate that situation, as well.  I mean, that will be       |
| 13    | something he will have to deal with upon his release.           |
| 14    | So I would urge you to consider giving him the              |
| 14:39:00 15 | minimum mandatory.  And when we talk about minimum being  |
| 16    | 15 years for a person who's 56 years old now, that's an         |
| 17    | awfully long time.  The word minimum doesn't really do it       |
| 18    | justice.                                                        |
| 19    | THE COURT:  All right.  Thank you, Mr. Brass.                |
| 14:39:15 20 | Mr. Lyon?                                                   |
| 21    | MR. LYON:  Your Honor, Kambria Ward is present, and         |
| 22    | she as the mother of the victim and former spouse of the        |
| 23    | defendant.  She would like to address the Court after which I   |
| 24    | would like to address the Court.                                |
| 14:39:30 25 | THE COURT:  All right.                                     |

|    |    |
|----|----|
| 1  | Ms. Ward, come forward, please, and I'd be happy to |
| 2  | hear whatever you have to say. |
| 3  | MS. Kambria WARD:  I am Kambria Ward.  And I've |
| 4  | written this addressed to Nathan.  Is that okay if I -- I'll |
| 14:40:02  5 | speak to you, but just know that the words are for him. |
| 6  | THE COURT:  Okay. |
| 7  | MS. Kambria WARD:  I was faithful in every way to |
| 8  | you.  You deceived me, and I am devastated.  I'm ashamed.  You |
| 9  | used me into your facade to live a sick deviant life.  The |
| 14:40:27  10 | hurt, anger and trauma that you have caused cannot be |
| 11 | measured.  It penetrates so deep into my soul at times I'm |
| 12 | paralyzed.  You've not only hurt me but my family, your family |
| 13 | and a community who trusted you.  You have broken me and taken |
| 14 | what cannot ever be given back.  You've robbed my baby of her |
| 14:40:51  15 | innocence and virtue and left me in a world upside down.  Many |
| 16 | nights I scream out wishing you were there to see what you've |
| 17 | done.  I will be scarred forever. |
| 18 | You took what I wanted most in this life, a husband |
| 19 | and a family, and destroyed it.  You have left me without a |
| 14:41:17  20 | husband and our children fatherless.  You have taken what is |
| 21 | most precious from my daughter and published your bastardly |
| 22 | deeds to other equally sick people. |
| 23 | There is no one to blame but yourself.  You had it |
| 24 | all.  You had a wife who loved you, a family and a great |
| 14:41:38  25 | profession.  You gave it all up.  Yes, you chose this.  You |

1       traded your family and freedom for prison walls and shackles.

2       A husband doesn't do what you've done to me.  Fathers don't do

3       what you've done to our children, and doctors don't do what

4       you've done to your patients.

14:41:58  5            For you to be able to come home every day as if it

6       was a normal day at the office is repulsive.  You hid behind a

7       career in which you took an oath to protect and help others,

8       and you used that trust and power to hurt and abuse.  You are

9       not only a liar but a filthy, disgusting man who created a

14:42:21 10     false world to cover up your true deviancy.

11            I was locking doors to protect us from intruders

12      when you were the one I should have been locking out.  It

13      allowed you to mastermind your devil's playground.  And you

14      continued to deceive me and hurt me.  I trusted you.

14:42:53 15           After learning from the authorities about your true

16      debauchery they have been the ones that have now protected me

17      and my children from you.  I will always be grateful they

18      didn't dismiss you because you were a supposed family man or a

19      doctor.  The damage you've already done will leave permanent

14:43:10 20     scars on many hearts that will never heal.  Your depravity

21      will affect many generations.  Many innocent people who would

22      have been scarred by you in the future will now never know

23      what would happened to them but for your arrest, thank

24      goodness.

14:43:27 25           When you were arrested you chose to only protect

1    yourself.  You tried to take everything from me.  That was

2    what I needed to learn and should have learned years ago.  You

3    were never there for me.  It was only about yourself.

4           I now see through your constant efforts to keep

14:43:46  5    your hero status with the children.  It was the same with your

6    patients.  The accolades justified you and your wickedness,

7    and you were able to feed your sick passions.  This is no

8    more.  There was no fulfilling your sexual appetite.

9           You've taken the best years of my life and left me

14:44:06 10   with shattered memories.  Every birthday, every holiday, every

11   anniversary will be stained by you.  Your example to my

12   children as a father is disgraceful.  You deserve to be

13   forgotten.  You had your chance to make a difference in their

14   lives.  You let them down, and you became everything that I

14:44:43 15   never wanted.

16          I am so angry at you.  You've destroyed my

17   relationship with your children and our grandchildren who I

18   love.  It will never be fixed.  You did this.

19          I stand here today with no regrets.  I know I have

14:45:14 20   done everything possible for you, for your children and for

21   our grandchildren.  I raised them, I loved them and I nurtured

22   them.  I do not blame God, but I do blame you for robbing me

23   of being a mother and a grandmother.  This is a consequence

24   for what you've done.  You've conspired with the devil and

14:45:40 25   agreed to go down with him further than I thought was humanly

1    possible.

2            You are where you need to be.  You have proven your

3    a danger to society.  There is not a harsh enough sentence to

4    pay the price for all you've destroyed.  Life cannot be

14:45:55  5    reversed.  You should be punished at the highest level because

6    of the position of trust you strategically placed yourself in

7    to have power and dominance over others.  You never deserve to

8    walk free.

9            I will be there for every hearing concerning a

14:46:12 10    possible release.  I will speak with assurance the necessity

11    to keep you locked up.  You have proven you are a sexual

12    predator of the worse kind and won't stop until you get what

13    you want.  A man with no conscience deserves the fair measures

14    to protect the innocent.

14:46:35 15            I will spend the rest of my life fighting to

16    survive and helping those within my reach who have been hurt

17    by you.  I hope some day to be an example to my children and

18    others that it's possible to rise from tragedy and that

19    terrible things happen to good people.  But you will not

14:47:02 20    define me.  Just as you have made your choices that have

21    imprisoned you I will make my choices to pick up the fragment

22    of a life that was supposed to be so different.  Thank you.

23            THE COURT:  All right.  Thank you.

24            Mr. Lyon?

14:47:23 25            MR. LYON:  Your Honor, just as a matter of

| | |
|---|---|
| 1 | housekeeping I'm assuming that the Court has received the |
| 2 | victim statement by the victim KP? |
| 3 | THE COURT: Yes. |
| 4 | MR. LYON: And the Court's had a chance to consider |
| 14:47:35  5 | that. She is here. She's been for all of the hearings but is |
| 6 | choosing not to address the Court. But I just wanted to make |
| 7 | sure the Court has had a chance to consider her statement to |
| 8 | the Court. |
| 9 | I've spoken with Mr. Brass. There is a restitution |
| 14:47:52 10 | request of $2,866.80. It's my understanding that they have no |
| 11 | objection to that restitution request. |
| 12 | Your Honor, finally, this is an exceptionally sad |
| 13 | case. On the one hand we have an individual who by all |
| 14 | accounts is a very well respected and loved doctor. I happen |
| 14:48:21 15 | to have quite a few neighbors who indicated that he's their |
| 16 | physician or was their physician, and they frankly adored him. |
| 17 | But on the other hand, we have an individual who has |
| 18 | absolutely disseminated lives. We've heard from Kambria |
| 19 | who -- and we also have the statement from Kassidy who -- I |
| 14:48:53 20 | mean, this is going to take years if they can ever be put back |
| 21 | together. And there needs to be a punishment that is |
| 22 | commensurate with the crime that he committed and the level of |
| 23 | harm that he has committed. |
| 24 | We agree that the presentence report has been |
| 14:49:11 25 | calculated correctly, and we just ask the Court to impose the |

```
         1    punishment that is appropriate.  We'll submit it.

         2                THE COURT:  All right.  Thanks, Mr. Lyon.

         3                And, Mr. Brass, anything to respond with?

         4                MR. BRASS:  No.  Do you want to hear from Dr. Ward?

14:49:30 5                THE COURT:  Thank you.

         6                Dr. Ward, if you'd like to say anything I'd be

         7    happy to hear it from you.

         8                THE DEFENDANT:  Thank you for allowing me to speak.

         9    I would just like to take this moment to apologize to those

14:49:55 10   who I've directly hurt.  I know what I did was horribly wrong.

        11    And I know that I have caused significant pain, heartache and

        12    damage to them and also indirectly to other individuals in my

        13    family.  I am truly sorry for the actions that I have done and

        14    take full responsibility for them and accept whatever judgment

14:51:07 15   the Court desires to give me.  Thank you.

        16                THE COURT:  All right.  Thank you, Dr. Ward.

        17                The guidelines appear to the Court to be correctly

        18    calculated.  An offense level of 37, a criminal history

        19    category of one, yielding a recommended range of 210 months to

14:51:28 20   262 months.

        21                The Court sentences the defendant to a period to be

        22    placed in the custody of the Federal Bureau of Prisons for

        23    262 months.  That will be followed by supervised release for

        24    the rest of his life.  There will be special conditions as

14:51:50 25   follows.  One, the defendant will cooperate with the Probation
```

1    and Pretrial Services Computer and Internet Monitoring

2    Program; two, the defendant will inform all parties who access

3    approved computers or similar electronic devices that the

4    devices are subject to search and monitoring; thirdly, the

14:52:18  5    Court advises the defendant he must report any and all

6    electronic communications service accounts used for user

7    communications and so forth.

8    I order that the presentence report may be released

9    to the state Sex Offender Registration Agency if required for

14:52:38  10    purposes of sex offender registration.

11    The defendant while on supervised release will

12    participate in a sex offender treatment program as deemed

13    necessary by the probation office.  Hopefully there will be

14    similar treatment available in the prison system.

14:52:59  15    And the defendant will be restricted from contact

16    with individuals who are under 18 years of age without adult

17    supervision.

18    The defendant must abide by the following

19    occupational restrictions.  Any employment shall be approved

14:53:13  20    in advance by the probation office.  And the third party risks

21    are identified, the probation office will be authorized to

22    inform the employer of the defendant's supervision status.

23    While on supervised release, which is going to be a

24    long time from now, the defendant will not view, access or

14:53:35  25    possess sexually explicit materials in any format.  You will

1    also, Dr. Ward, submit to periodic polygraph testing as

2    directed by the probation office.

3              I've considered the defendant's financial resources

4    and other assets.  I'm not imposing a fine and find under the

14:54:02   5    circumstances the defendant does not have the ability to pay

6    one.  I am holding restitution open for 30 days, and I'd like

7    the US Attorney's Office and Mr. Brass to consult.

8              What I'd like to do, I know there is a $500,000

9    401k that apparently still belongs to the defendant.  And I'd

14:54:22  10    like to see if -- I'd like to order restitution to provide for

11    full college for the injured stepdaughter, the one who is the

12    primary victim.  That was a promise made by the defendant that

13    apparently isn't being kept.  I don't know if that's within my

14    authority.  I'd like it looked into.

14:54:48  15              I am ordering restitution in the amount of

16    $2,596.80, which has been agreed to by the parties, in

17    addition to the possibility of a requirement that the

18    defendant invade that or use that $500,000 401k to pay for the

19    stepdaughter's college.  And that would include fees, tuition,

14:55:23  20    books and housing.  I would like to have a figure about what

21    therapy his ex-wife and his other children reasonably

22    anticipate for the future.  That wasn't expressed in any way

23    to me.  And I'd like to give the parties 30 days to at least

24    look into it.  That's what I'd like to do if it complies with

14:55:51  25    the law.

1               I'm requiring the defendant for the five counts of

2        conviction to pay -- excuse me.  Pursuant to 18 USC 3014, I'm

3        imposing a $5,000 assessment under the Justice For Victims of

4        Trafficking Act.  For the one count of conviction I'm imposing

14:56:16  5        on the defendant a payment of $100 for a special assessment

6        fee, which is statutorily required and is due immediately.

7               And, Dr. Ward, you have 14 days to take an appeal

8        in this case if you feel it is illegal.  I'm fully aware that

9        this sentence is significantly longer than Mr. Francis'.  I

14:56:40 10        find many reasons to justify the longer sentence:  your

11        position in the community; I find you to be by far the, I

12        don't know what the right word is, ring leader, I suppose is

13        the closest I can get, especially looking at the dialogue

14        between you and Mr. France along the way.  His abuse of his

14:57:05 15        step children was awful.  Yours was at least five times that.

16               I don't know how a person does what you do to your

17        stepdaughter.  I don't.  It's beyond my ability to comprehend.

18        You did it over a period of years, many years from when she

19        was 12 years old til she was either 14 or 15 or even 16.  I

14:57:32 20        don't know.  And you told us here at the podium you take full

21        responsibility for what you've done, and I don't believe that.

22        I've never seen it.  All you've agreed with with me was that

23        you produced some child pornography, which I suspect is the

24        story you'll tell to your cellmates in the prison, that you

14:57:56 25        got 22 years from a federal judge because you took some photos

1      of your stepdaughter that she was willing to let you take, or

2      something along those lines. I don't know what lie you'll

3      tell. You might have to to survive in prison.

4               I don't know what falsehoods you've told your own

14:58:19  5      family. It doesn't appear to me from everything I've read

6      that you've come clean with them. I doubt your family has

7      seen the entirety of the text messages, just the text messages

8      from you and Mr. Francis and the ugliness of them, not to

9      mention the horrid behavior that you engaged in with your

14:58:43  10     stepdaughter. I hope she can sometime recover from this and

11     hopefully lead a happy and healthy life, and the same with

12     your ex-wife who has a lot of bitterness, which is

13     understandable. If she can let go a little bit of it she

14     probably will be better off.

14:59:06  15              It's a tragic case. I don't know where you went

16     wrong, went so horribly wrong. This is one of the few

17     cases -- I've been on the bench over 20 years. This is one of

18     the few cases where I seriously considered a life sentence. I

19     think you deserve one. You've given the people you abused

14:59:29  20     life sentences, you, by your own being the person who decided

21     what you could get away with with a minor child. And the

22     distribution to others just makes it so much worse.

23              I don't know what the State's going to do. And I

24     appreciate -- and you have one of the finest lawyers in the

14:59:57  25     state. And I know Mr. Lyon has agreed that 15 years here

```
         1    might have been appropriate.  I only know what I can do.  The

         2    high end of the guidelines is 262 months, and that's what I'm

         3    doing because I can.  I don't know what you'll do when you get

         4    out of prison.  If your past behavior is any indication of

15:00:22 5    what you'll do if you're released, then I think society is

         6    better off not having you out.  You appear to have a nice

         7    family.  Your mother appears to be a perfectly beautiful lady.

         8    I don't know where it went haywire.

         9              Did I mention he has 14 days to appeal?

15:00:43 10             MR. BRASS:  You did.  I would ask the Court to

        11    recommend Englewood, Colorado, as a facility.

        12              THE COURT:  I will.  I recommend Englewood,

        13    Colorado, for family visitation.

        14              MR. BRASS:  Thank you.

15:00:54 15             MR. LYON:  Your Honor, the government would move to

        16    dismiss Counts 2 and 3.

        17              THE COURT:  That motion is granted.  Anything else

        18    from either side?

        19              MR. LYON:  Your Honor, I thought I heard you order

15:01:03 20   restitution in the amount of $2,596.  That's actually -- we

        21    have an updated figure.

        22              THE COURT:  Okay.  I read from whatever I had here.

        23    2,868.80.  I don't know why we say where the recommendation is

        24    that he has no ability to pay a fine.  He has some money it

15:01:24 25   appears to me.  I'd like you to look at what I asked you to
```

1    look.  And we'll have that open for 30 days.

2                    MR. LYON:  Okay.

3                    THE COURT:  The Court's in recess.

4            (Whereupon, the court proceedings were concluded.)

15:01:38    5                          *   *   *   *   *

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    STATE OF UTAH            )

2                             )  ss.

3    COUNTY OF SALT LAKE   )

4            I, KELLY BROWN HICKEN, do hereby certify that I am

5    a certified court reporter for the State of Utah;

6            That as such reporter, I attended the hearing of

7    the foregoing matter on July 10, 2018, and thereat reported in

8    Stenotype all of the testimony and proceedings had, and caused

9    said notes to be transcribed into typewriting; and the

10   foregoing pages number from 3 through 19 constitute a full,

11   true and correct report of the same.

12           That I am not of kin to any of the parties and have

13   no interest in the outcome of the matter;

14           And hereby set my hand and seal, this _____ day of

15   _____ 2018.

16

17

18

19

20   _____
                 KELLY BROWN HICKEN, CSR, RPR, RMR
21

22

23

24

25

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Utah

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) |
| Nathan Clark Ward | ) Case Number:  UTDX 1:17-cr-000060 DB |
| | ) USM Number:  25504-081 |
| | ) Edward K. Brass |
| | ) Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)   Count 1 - Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) | Production of Child Pornography | 8/ | 1 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   2 & 3   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/20/2018
Date of Imposition of Judgment

Signature of Judge

Dee Benson, U.S. District Judge
Name and Title of Judge

7/20/2018
Date

AO 245B (Rev. 02/18) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT: Nathan Clark Ward
CASE NUMBER: UTDX 1:17-cr-000060 DB

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

262 months.

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m.    ☐ p.m.    on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

000036

AO 245B (Rev. 02/18)  Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT:  Nathan Clark Ward
CASE NUMBER:  UTDX 1:17-cr-000060 DB

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of : ___Life___

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18)  Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page ___4___ of ___7___

DEFENDANT: Nathan Clark Ward
CASE NUMBER: UTDX 1:17-cr-000060 DB

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.
14. You must submit your person, residence, office or vehicle to search, conducted by the probation office at a reasonable time and in a reasonable manner based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; you must warn any other residents that the premises may be subject to searches pursuant to this condition

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

Judgment—Page    5    of    7

DEFENDANT:  Nathan Clark Ward
CASE NUMBER:  UTDX 1:17-cr-000060 DB

## SPECIAL CONDITIONS OF SUPERVISION

1. You must cooperate with the U.S. Probation and Pretrial Services Computer and Internet Monitoring program; Appendix A, Limited Internet Access (Computer and Internet use, as approved) (Not Applicable to Third Party Employment). Cooperation shall include, but not be limited to, identifying computer systems (as identified in 18 § U.S.C. 1030 (e)(1), Internet capable devices, networks (routers/modems), and/or similar electronic devices (external hard drives, flash drives, etc.) to which you have access. All devices are subject to random inspection/search, configuration, and the installation of monitoring software and/or hardware at your expense.

2. You must inform all parties who access approved computer(s) or similar electronic device(s) that the device(s) is subject to search and monitoring. You may be limited to possessing only one personal computer and/or internet capable device to facilitate the ability to effectively monitor your internet-related activities.

3. You must report any and all electronic communications service accounts (as defined in 18 USC 2510 (15)(17)) used for user communications, dissemination, and/or storage of digital media files (i.e. audio, video, images, documents, device backups) to the U.S. Probation Office. This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. You shall provide each account identifier and password, and shall report the creation of new accounts. Changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account shall be reported within five days of such action. You must permit the U.S. Probation Office to access and search any account(s) using your credentials pursuant to this condition.

4. The Court orders that the presentence report may be released to the state sex-offender registration agency if required for purposes of sex-offender registration.

5. You must participate in and successfully complete sex-offender treatment, to include a risk assessment and physiological testing, at a program approved by the U.S. Probation Office. You must abide by the rules, requirements, conditions, policies, and procedures of the program. You must submit to periodic polygraph testing as directed by the U.S. Probation Office or treatment provider as a means to ensure your compliance with the requirements of your supervision or treatment program. You must contribute to the cost of services rendered in an amount to be determined by the U.S. Probation Office, based on your ability to pay.

6. You are restricted from contact with individuals who are under 18 years of age without adult supervision, as approved by the U.S. Probation Office.

7. You must abide by the following occupational restrictions: Any employment shall be approved by the U.S. Probation Office. In addition, if third-party risks are identified, the U.S. Probation Office is authorized to inform your employer of your supervision status.

8. You must not view, access, or possess sexually explicit material in any format.

9. You must submit to periodic polygraph testing as directed by the U.S. Probation Office or treatment provider as a means to ensure your compliance with the requirements of your supervision or treatment program. You must contribute to the cost of services rendered in an amount to be determined by the U.S. Probation Officer based on your ability to pay.

Appellate Case: 18-4111   Document: 010110100333   Date Filed: 12/19/2018   Page: 42
Case 1:17-cr-00060-DB  Document 9732  Filed 08/23/18  Page 62 of 715
AO 245B (Rev. 02/18)  Judgment in a Criminal Case   Document: 010110032883   Date Filed: 08/06/2018   Page: 13
Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___6___ of ___7___

DEFENDANT: Nathan Clark Ward
CASE NUMBER: UTDX 1:17-cr-000060 DB

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 5,000.00 | $ | $ 2,866.80 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant **makes a partial payment**, each payee shall **receive an** approximately proportioned payment, unless specified otherwise in the priority order or percentage **payment** column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims **must** be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| 350 East 500 South, Ste. 200 | | | |
| | | | |
| Claim 1049792 | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $  2,866.80 | $  2,866.80 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the ☐ fine ☑ restitution.

  ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act **of 2015,** Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page  7  of  7

DEFENDANT: Nathan Clark Ward
CASE NUMBER: UTDX 1:17-cr-000060 DB

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $  100.00  ·     due immediately, balance due

     ☐  not later than _____ , or
     ☐  in accordance with ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

     No fine is imposed. SAP $100.00 is due immediately. JVTA $5,000.00. Restitution is due immediately in the amount of $2,866.80. THE FINAL AMOUNT OF RESTITUTION WILL BE OPEN FOR 30 DAYS.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

## CERTIFICATE OF SERVICE

I hereby certify that on 12-19-18 I electronically filed the foregoing Brief and Appendix using the court's CM/ECF system which will send notification of such filing to the following:

Ms. Elizabethanne Claire Stevens: elizabethanne.stevens@usdoj.gov

Mr. Felice John Viti: felice.viti@usdoj.gov

Date: December 19, 2018

/s/ Edward K. Brass

Edward K. Brass

Attorney for Mr. Nathan Ward

175 East 400 South #400

Salt Lake City, UT 84111

Ed@edbrasslaw.com

801-322-5678

COSC- Cert of Service counsel  6/2011